UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANDRICA LEVON CAGE,

      Defendant.
_____/

File No. 1:99-CR-55

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

Before the Court is an objection to a writ of garnishment filed by Defendant Andrica Levon Cage (Dkt. No. 38.) In 1999, Defendant pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. The Court sentenced Defendant to a thirteen-month term of imprisonment and five years of supervised release. The Court also required Defendant to pay a $100 special assessment and restitution to Old Kent Bank in the amount of $27,179.55, due not later than the term of her supervised release. (Dkt. No. 18.) The Court did not waive interest on the restitution. The Government asserts that Defendant has paid the special assessment and has paid $17,068.00 towards the amount owed in restitution. It asserts that $140 came from voluntary payments by Defendant and the remainder was taken from Defendant's tax refunds. (Dkt. No. 39, Pl.'s Br. at 2.) The Government asserts that Defendant owes a balance of $23,293.22, consisting of $10,111.55 in principal and

$13,181.67 in accrued interest. The Government has obtained a writ of garnishment against her wages from Spectrum Health resulting in garnishment of approximately $148 from $593 of disposable income each two-week pay period. (Dkt. No. 37.) Defendant, proceeding pro se, asserts that she is a single mother with three children, including one born with a disability. She asserts that she will be unable to pay for basic needs for herself and her children if the garnishment is allowed to continue. (Dkt. No. 38.) Defendant also asserts that she is not obligated to repay the balance of the restitution order because it is interest. To the extent the balance of her obligation consists of interest, Defendant does not provide authority for her objection that she is not obligated to pay, and the Court notes that interest is allowed on restitution orders unless it is waived by the Court or the Attorney General. 18 U.S.C. §§ 3612(f), 3612(h).

The Government argues that, pursuant to 28 U.S.C. § 3202(d) of the Federal Debt Collection Procedures Act, a debtor can request a hearing to quash an order granting an enforcement remedy. That section provides:

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible. The issues at such hearing shall be limited--
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and

(3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to--

   (A) the probable validity of the claim for the debt which is merged in the judgment; and

   (B) the existence of good cause for setting aside such judgment.

*Id.* The Government argues that a hearing is not necessary in this matter because Defendant has not alleged facts to satisfy any of the requirements in that section; however, the Government does not address Defendant's exemption form in which she claims exemption for judgments to support minor children. (Dkt. No. 38.) *See* 18 U.S.C. § 3613 (providing that property exempt from levy for taxes under 26 U.S.C. § 6334(a)(8) is exempt from enforcement of a judgment). This exemption is described in the Internal Revenue Code as follows:

> If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

26 U.S.C. § 6334(a)(8).

Even if the exemption does not apply, the Court has general authority to suspend or modify a writ of garnishment pursuant to 28 U.S.C. § 3013,[1] and the Court has specific authority to modify a *schedule* for repayment of an order of restitution "as the interests of

---

[1] That section provides:

> The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter.

justice require," upon receipt of notice of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). Finally, the Court may have authority to waive the requirement for payment of interest on the order of restitution pursuant to 18 U.S.C. § 3612(f)(3), if it determines that Defendant does not have the ability to pay that interest. *Id.* Because Defendant asserts that she will be financially burdened by payment of the garnished amounts, the Court liberally construes her objection as a request for modification or suspension of the writ and/or an objection to the requirement to pay interest on the restitution order pursuant to 28 U.S.C. § 3013, and 18 U.S.C. §§ 3612(f)(3) and 3664(k).

Therefore, the Court will convene a hearing to allow Defendant to show that her claimed exemption applies (i.e. that the garnished funds are necessary for her to comply with a judgment of support), to show that her current financial circumstances (including her income, assets, expenses, liabilities, etc.) constitute a "material change" affecting her ability to pay the garnished amounts such that the "interests of justice" require the Court to suspend or modify the writ, and/or to show her inability to pay the interest due on the restitution order.

Accordingly,

**IT IS HEREBY ORDERED THAT** the Court shall convene a hearing on Defendant's objection on **April 30, 2010**, at 110 Michigan Street NW, Courtroom 601, Grand Rapids, Michigan, at **9:00 am**.


Dated: April 21, 2010         /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              UNITED STATES DISTRICT JUDGE

4